[Civ. No. 10121. Second Appellate District, Division Two.—June 26, 1935.]

HELEN M. ASBURY et al., Respondents, v. BENJAMIN S. GOLDBERG et al., Appellants.

Charles W. Rollinson, Phil Jacobson, Huntington P. Bledsoe and John L. Flynn for Appellants.

S. S. Hahn and W. O. Graf for Respondents.

CRAIL, J.—This action grew out of a collision between a motor truck and a Ford automobile, resulting in the death of Francis Asbury, the driver of the Ford automobile. The plaintiffs are the widow and sons of the deceased and the defendants are the driver of the motor truck and its owners. The accident occurred about 8 A. M. on February 28, 1934, at the intersection of Olive and Maple Streets in the county of Los Angeles. Olive Street is a ''through boulevard'', running east and west, paved with concrete and divided by painted lines into three lanes. Maple Street runs north and south, crossing Olive Street at right angles, and is paved with macadam. There were stop signs at the northwest and southeast corners of the intersection and under an ordinance of the county of Los Angeles it was unlawful for the operator of any vehicle traversing any ''through boulevard'' to fail, before entering upon such boulevard, to bring such vehicle to a complete stop at the place where such highway is crossed by the continuation of the nearest sideline of such boulevard. The intersection is neither in a business nor a residential zone and the northeast and southeast corners are unobstructed.

At the time of the accident the weather was extremely foggy and the highways were wet and slippery. Visibility of an object without lights was about 25 feet and of an object with lights about 30 yards. The truck weighed about 6,000 pounds, was equipped with dual tires on the rear wheels and had four-wheel mechanical brakes. The truck had headlights, side clearance lights and a tail-light. There was evidence that all of them were lit prior to and at the time of the accident. At the time of the accident the deceased was driving his Ford north on Maple Street and defendant Groff was driving the truck west on Olive Street.

Judgment was entered in favor of the plaintiffs and against the defendants in the sum of $4,000 on the verdict of the jury which heard the case. The defendants appealed from the judgment and from the order of the trial court denying their motion for a judgment notwithstanding the verdict.

As grounds for reversal of the judgment, appellants urge six specifications of error. Among them are, first, that the evidence is insufficient to justify the verdict; third, that there was no conflict in the evidence and therefore the question of appellants' liability was a question of law for the court and not one of fact for the jury; sixth, that the court erred in denying appellants' motion for a directed verdict and for a judgment notwithstanding the verdict, and in denying appellants' motion for a new trial. These may all be considered at once and will not be separately discussed.

Defendant Groff, the driver of the truck, and the only eyewitness to the accident, testified that at the time of the accident he was returning from San Diego to Los Angeles in the course of his employment; that he was going west on Olive at about 17 miles an hour when he reached the intersection of Olive and Maple Streets; that the weather was very foggy and that vision was limited to 30–35 feet, or perhaps 20–25 feet; that the truck lights were burning and the Ford lights were not; that he was familiar with the intersection and knew that there were stop signs facing vehicles entering Olive Street from Maple Street and he relied upon the fact that he was traveling upon a through boulevard; that he did not see the Ford car before it entered the intersection; that when he first saw the Ford the front end of his truck was past the property line of the intersection; that the Ford did not stop

at the stop sign but was moving when he first saw it and it did not decrease its speed before the impact; that when he first saw the Ford he applied his brakes and traveled about 12 or 14 feet to the point of impact, which was about in the center of Maple Street and in the north traffic line of Olive Street; that the Ford traveled about 23 feet from the place he first saw it to the point of impact; that the left front bumper of the truck came in contact with the right fender of the Ford back of the right front wheel; that the Ford turned west and the right rear side of the Ford was thrown into the left front of the truck; that the Ford kept on turning, describing a semi-circle, and turned over on its right side on the northwest corner, facing south; that the truck traveled about 30 or 32 feet from the place the brakes were first applied to the place the truck came to rest; that it was not possible to stop the truck upon the damp pavement as quickly as upon a dry pavement; that the distance between the Ford and the truck when he first saw the Ford was about 25 feet.

Appellants' contention is that as there was only one eye-witness to the accident and as his testimony stands uncontradicted by that of any other eye-witness, it must be taken as true and therefore the judgment cannot stand. The one eye-witness to the case was the driver of the truck. He is one of the defendants against whom the judgment was entered. The jury was the sole judge of the credibility of the witnesses. This witness was before the jury and the jury had the right to take into consideration, for the purpose of determining his credibility, the conduct of the witness, his character as shown by the evidence, his manner on the stand, his interest in the case, his bias and prejudice, if any, his degree of intelligence, the reasonableness or unreasonableness of his statements, and the strength or weakness of his recollection. According to the testimony of defendant Groff he was free from any negligence in the matter and the driver of the Ford car, who never regained consciousness, was guilty of negligence proximately contributing to the injury. But it is very evident from the verdict rendered that the jury did not believe defendant Groff, for if his testimony were taken as true the verdict should have gone for the appellants. The question which confronts us, therefore, is whether the verdict and judgment find support in the evidence and whether the action of the jury in rejecting the evidence given by defendant Groff is jus-

tifiable. Evidence of physical facts and of the conditions and circumstances surrounding a collision is sometimes more convincing than oral evidence to the contrary. There was evidence in this case from which the jury might have concluded that the Ford had almost crossed the intersection at the time of the collision; that the truck skidded 40 feet or more before it struck the Ford; that the truck hit the rear end of the Ford on the right side, completely demolishing the right rear wheel of the Ford, knocking off the right door and dragging the Ford sideways for a distance of 22 feet before both vehicles came to a stop in the northwest corner of the intersection. Skid marks and photographs of the Ford car were relied upon to substantiate this testimony. All of this evidence can be reasonably construed as directly contradicting the evidence of defendant Groff and as supporting plaintiffs' claim that the truck was not traveling at a reasonable and prudent speed, having due regard for the visibility and the wet slippery condition of the surface of the highway caused by the dense fog. In our opinion it is sufficient to support the verdict and the judgment. ''In many instances evidence of the conditions surrounding a collision between motor vehicles is of controlling force. In many cases, when accepted as true by a jury or trial judge, it has been permitted to overcome positive contrary oral evidence.'' (*Kerner* v. *Peacock Dairies, Inc.*, 129 Cal. App. 686 [19 Pac. (2d) 283], and cases cited.)

Appellants' second specification of error is that the evidence showed deceased to have been guilty of contributory negligence as a matter of law. Appellants contend that the legal presumption that the deceased exercised due care for his own safety has been overcome as a matter of law by the testimony of defendant Groff which was positive to ,the contrary. But a legal presumption is evidence and may outweigh positive evidence adduced against it. Whether or not the deceased was guilty of contributory negligence was clearly a question for the jury to determine under all of the evidence. For a well-considered case and a clear opinion involving this very question see *Smellie* v. *Southern Pacific Co.*, 212 Cal. 540 [299 Pac. 529].

Appellants' fourth specification of error is that counsel for respondent was guilty of prejudicial misconduct in

placing the widow, dressed in mourning, upon the witness stand and permitting her to remain thereon weeping in full view of the jury. The widow was a party to the action and it was proper to use her as a witness. Appellant does not say how counsel for plaintiff could have foreseen that she would begin weeping, or how they could have prevented her from weeping after she took the stand. The court properly instructed the jury not to permit sympathy for the plaintiff to influence their verdict. Appellants do not cite a case in which weeping by a witness on the stand has been held to be, or has been claimed to be misconduct on the part of counsel calling the witness. We find no misconduct in this instance.

Appellants also specify as reversible errors four separate instructions given by the court. But we find no reversible error in these instructions.

The judgment and order are affirmed.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1935.